# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 0801010328 |
| | ) | |
| CLIFFORD WRIGHT | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 11, 2016
Decided: November 2, 2016

Upon Defendant's Second Motion for Postconviction Relief (*Pro Se*)
Defendant's Motion for Appointment of Counsel
Defendant's Motion to Participate with Counsel
Defendant's Motion to Preserve Issues for Rule 61 Postconviction
**DENIED**

## MEMORANDUM OPINION

Joseph R. Grubb, Esquire, Deputy Attorney General for the State of Delaware
    Office of the Attorney General, 820 North French Street, Wilmington, DE

Mr. Clifford Wright (SBI No. 00485527)
    James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977

**JOHNSTON, J.**

The jury found Wright guilty of four counts of first degree murder, five counts of possession of a deadly weapon during the commission of a felony, first degree burglary, second degree arson, noncompliance with conditions of a bond, aggravated harassment, third degree arson, and theft of a motor vehicle. On March 5, 2010, this Court sentenced Wright to life in prison without parole for each conviction of first degree murder.[1]

Wright filed a timely appeal to the Delaware Supreme Court on March 31, 2010. The Delaware Supreme Court remanded Wright's case to the Superior Court to rule on Wright's Motion for a New Trial. On July 30, 2010, the Superior Court denied Wright's Motion for a New Trial.[2] Subsequently, on October 24, 2011, the Delaware Supreme Court affirmed Wright's convictions on direct appeal.[3]

On August 23, 2012, Wright filed a motion for appointment of counsel to pursue postconviction relief. The Superior Court granted the motion and appointed counsel on October 17, 2012. On October 18, 2012, Wright filed a *pro se* Motion for Postconviction Relief pursuant to Superior Court Rule 61. On August 1, 2014, Wright's appointed counsel filed an amended motion. By Opinion dated February 12, 2015, this Court denied Wright's Rule 61 Motion. The Delaware Supreme Court affirmed that denial on February 22, 2016.

---

[1] *State v. Wright*, 2010 WL 746240, at *1 (Del. Super.).
[2] *State v. Wright*, 2010 WL 3005445, at *1 (Del. Super.).
[3] *Wright v. State*, 31 A.3d 77 (Del. 2011) (TABLE).

2

## STANDARD OF REVIEW

Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61") governs motions for postconviction relief. In reviewing motions for postconviction relief, Delaware law requires the Court to first look at Rule 61's procedural requirements before examining the motion on its merits.[4] Rule 61(i) sets forth the possible procedural bars to post-conviction relief: (1) a motion for postconviction relief cannot be filed more than one year after the judgment of conviction is final; (2) any ground for relief not asserted in a prior postconviction motion is barred; (3) any ground for relief not asserted in the proceedings leading to the judgment of conviction is barred; and (4) any ground for relief that was formerly adjudicated is barred.[5]

## ANALYSIS

### *Ineffective Assistance of Counsel*

Rule 61(a)(1) provides in relevant part:

> This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction...on the ground that the court lacked jurisdiction *or any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction*....(emphasis added).

Therefore, claims of ineffective assistance of counsel at trial and on direct appeal are appropriate in motions for postconviction relief.[6] Ineffective assistance of counsel claims are evaluated under the two-pronged test set forth in *Strickland v.*

---

[4] *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002).
[5] Super. Ct. Crim. R. 61(i).
[6] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

3

*Washington.*[7] To succeed on a claim under *Strickland*, the petitioner must show: (1) that "counsel's representation fell below an objective standard of reasonableness;" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8]

The test articulated in *Strickland* creates a strong presumption that counsel's representation was professionally reasonable.[9] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[10] Therefore, a motion for postconviction relief "must make concrete allegations of actual prejudice, and substantiate them," or risk being dismissed.[11]

## ANALYSIS

### *Second Motion for Post-Conviction Relief (Pro Se)*

This is Wright's second motion for post-conviction relief pursuant to Superior Court Rule 61. Wright asserts 6 grounds:

1.  Ineffective assistance by post-conviction appointed counsel for failing to present issues suggested to counsel by Wright in his draft *pro se* Rule 61 motion.

---

[7] 466 U.S. 668 (1984). *See also Ayers*, 802 A.2d at 281 ("A petitioner's claim that he received ineffective assistance of counsel is measured under the test articulated by the United States Supreme Court in *Strickland v. Washington*.").
[8] *Strickland*, 466 U.S. at 688, 694. *See also Flamer*, 585 A.2d at 753.
[9] *Flamer*, 585 A.2d at 753.
[10] *Cooke v. State*, 977 A.2d 803, 840 (Del. 2009) (quoting *Strickland*, 466 U.S. at 688).
[11] *Couch v. State*, 2008 WL 390754, at *1 (Del.).

4

2. Violation of Wright's right to speedy trial.

3. The trial evidence regarding deadly weapon was "improperly derived from the indictment."

4. Insufficient evidence to show Wright entered the female victim's house.

5. State's vouching for a witness was prosecutorial misconduct.

6. Ineffective assistance of counsel for failure to attempt to obtain telephone records and for introducing a baseball bat as a potential weapon.

## Speedy Trial

Wright's assertion of violation of his right to a speedy trial is barred by: Rule 61(i)(1) as untimely; Rule 61(i)(2) as not asserted in his prior post-conviction motion; and Rule 61(i)(3) as not asserted in the proceedings leading to the judgment of conviction.

Even if this contention were not procedurally barred, it is without merit. Jury selection for Wright's trial began on September 22, 2009. The Court held three scheduling conferences, at which all counsel were present. Defense counsel informed the Court that the case was complicated. During the final two conferences, defense counsel requested that the trial date be continued to permit adequate time to prepare Wright's defense. Each time the Court established a trial date, defense counsel waived Wright's right to a speedy trial.

5

## Trial Evidence Regarding Deadly Weapon
## Was Not Improperly Derived from Indictment

Wright's assertion that the trial evidence was inconsistent with the indictment is barred by: Rule 61(i)(1) as untimely; Rule 61(i)(2) as not asserted in his prior post-conviction motion; and Rule 61(i)(4) as formerly adjudicated .

During trial and as part of Wright's Motion for a New Trial, the issue of the identity of the murder weapon was considered and addressed in detail. The indictment states that the deadly weapon was either a "hammer, pry bar, crow bar, or other similar tool." During opening statement the State theorized that the murder weapon may have been a bat. During closing argument, the State asked the jury to "decide what the weapon was." By Memorandum Opinion dated July 20, 2016, this Court found that "a baseball bat clearly is a weapon similar to a "hammer, pry bar, [or] crowbar."[12] The Court concluded: "[T]he indictment was not misleading or otherwise deficient, because it adequately informed defendant of the type of murder weapon the State asserted was used."[13]

## Evidence that Wright Entered the Female Victim's House

Wright's assertion - that the trial evidence was insufficient to show that he entered the house where the murders occurred - is barred by: Rule 61(i)(1) as untimely; Rule 61(i)(2) as not asserted in his prior post-conviction motion; and Rule 61(i)(4) as formerly adjudicated.

---

[12] *State v. Wright,* 2010 WL 3005445, at *5.
[13] 2010 WL 3005445, at *6.

Even if this argument were not procedurally barred, it is specious. The murders occurred in the female victim's house. There was no evidence whatsoever that the victims were murdered elsewhere and transported to the house. The facts are consistent with only one reasonable conclusion - that the murderer entered the house. The jury considered all of the evidence and found Wright guilty beyond a reasonable doubt. It is axiomatic that the jury found that Wright must have entered the house to commit the murders. Even in the absence of direct evidence of entry upon a crime scene, circumstantial evidence of entry is sufficient. Counsel provided Wright with an appropriate defense by subjecting all witnesses to strong cross-examination, and by arguing vigorously that the State failed to meet its burden of proof of guilt beyond a reasonable doubt.

### State's Vouching for a Witness

Wright's contention that the State engaged in prosecutorial misconduct by improperly vouching for the credibility of a witness is barred by: Rule 61(i)(1) as untimely; Rule 61(i)(2) as not asserted in his prior post-conviction motion; and Rule 61(i)(4) as formerly adjudicated.

This issue was addressed squarely in the Court's Memorandum Opinion on Defendant's Motion for a New Trial. The Court ruled: "The State properly argued that [the police] did indeed believe the weapon to be a hammer and that [the witness] could only have obtained this information from defendant....Therefore, the State did not commit an error so clearly prejudicial to substantial rights as to jeopardize the

7

very fairness and integrity of the trial." Wright's claim of prosecutorial misconduct was denied.[14]

<u>Telephone Records and Introducing Baseball Bat as a Potential Weapon</u>

Wright's arguments that his counsel provided ineffective assistance are barred by: Rule 61(i)(1) as untimely; Rule 61(i)(2) as not asserted in his prior post-conviction motion; and Rule 61(i)(4) as formerly adjudicated.

The issue of introducing the baseball bat as a potential murder weapon previously has been rejected in the sections of this Memorandum Opinion discussing Deadly Weapon and Vouching for a Witness.

Even assuming the allegation of failure to obtain telephone records is not procedurally barred, Wright fails to meet the requirements of *Strickland*.[15] In this motion, Wright made only general assertions that counsel should have been more diligent in obtaining telephone records. Wright has neither specified what those missing records might have contained, nor stated why there is a reasonable probability that if the records had been procured, the outcome at trial would have been different. Wright has neither made nor substantiated "concrete allegations of actual prejudice."[16]

---

14 2010 WL 3005445, at **2-6.
15 *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
16 *Cooke v. State*, 977 A.2d 803, 840 (Del. 2009).

<u>Ineffective Assistance for Failure to Present Issues</u>
<u>Suggested by Wright in his Draft *Pro Se* Rule 61 Motion</u>

Obviously, this argument is untimely pursuant to Rule 61(i)(1). The issues asserted by Wright in support of this specific argument are the same as grounds 2 through 6. Having found that Wright is not entitled to relief on grounds 2 through 6, the Court need not repeat its findings.

### *Motion for Appointment of Counsel*

Wright received the benefit of Court-appointed counsel for his trial, post-trial proceedings, direct appeal, and first Rule 61 motion for post-conviction relief. The Court finds no basis for appointment of counsel for Wright's second Rule 61 motion.

### *Motion to Participate with Counsel*

Having declined to appoint counsel, the Court finds that this motion is moot.

### *Motion to Preserve Issues for Rule 61 Post-Conviction*

The Court finds that there is no legal basis underlying this motion. Issues are either "preserved" or not, according to statutory and common law.

### **CONCLUSION**

All of Wright's asserted grounds for Rule 61 post-conviction relief are procedurally barred. Further, the Court finds that all requests for relief are without merit.

**THEREFORE,** Wright's Second Motion for Post-Conviction Relief (*Pro Se*) is hereby **DENIED.** Defendant's Motion for Appointment of Counsel, Motion to

9

participate with Counsel, and Motion to Preserve Issues for Rule 61 Post-Conviction, are hereby **DENIED.**

**IT IS SO ORDERED.**

Johnston, J.